UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| SHELDON ELIZABETH MANUEL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-580-CVE-TLW |
| | ) | |
| BLAIR TINGLEY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are plaintiff's motion for temporary restraining order, Dkt. # 3, and motion for leave to proceed in forma pauperis, Dkt. # 2. Manuel is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Manuel's handwritten motion for temporary restraining order seeks, among other things, the following relief: "Please stop the Trust from prematurely disolving [sic] before all end of life costs, pre-existing debts, medical, funeral, are paid or reimbursed to Decedent's widow [and] others owed." Dkt. # 3, at 2. Manuel also attached the last will and testament of her deceased husband, David Manuel. It is clear from her pleadings that Manuel seeks the Court's intervention with respect to the distribution of assets associated with her late husband's estate.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts

demonstrating the presence of federal subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" Image Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

It is well settled that federal courts do not have jurisdiction to hear probate matters. See Marshall v. Marshall, 547 U.S. 293, 308 (2006). This "probate exception" to federal jurisdiction extends to all cases which are "ancillary" to probate proceedings. Rienhardt v. Kelly, 164 F.3d 1296, 1301 (10th Cir. 1999). Such matters "can and should be challenged only in the ongoing state probate proceedings." Id. It is clear from plaintiff's motion for temporary restraining order that she seeks the Court's involvement in ongoing matters of probate related to her late husband's trust and estate. The Court is without jurisdiction to entertain such matters, and this case must be dismissed.

**IT IS THEREFORE ORDERED** that this case is **dismissed**. A separate judgment of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order, Dkt. # 3, and motion for leave to proceed in forma pauperis, Dkt. # 2, are **moot**.

**DATED** this 1st day of October, 2014.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE